UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| In re: ) | | |
| ) | | |
| SHAWN MALONE, ) | Case Number: 24-90479 | |
| ) | (Chapter 7) | |
| Debtor. ) | | |
| ) | | |
| NANCY J. GARGULA, ) | | |
| United States Trustee for Region 10, ) | | |
| ) | | |
| Plaintiff, ) | | |
| v. ) | Adversary Number: 24- | |
| ) | | |
| SHAWN MALONE, ) | | |
| ) | | |
| Defendant. ) | | |

**COMPLAINT OBJECTING TO DISCHARGE**
**PURSUANT TO 11 U.S.C. § 727(a)(2) and (4)**

NANCY J. GARGULA, United States Trustee for Region 10 ("UST"), by Attorney Sabrina M. Petesch, brings this action pursuant to § 727(a)(2) and (4) for denial of the discharge of SHAWN MALONE ("Defendant"). In support of this complaint, the UST respectfully states as follows:

**JURISDICTION, VENUE AND STANDING**

1.  The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(a) and 11 U.S.C. § 727(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (J) and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

2.  Plaintiff, Nancy J. Gargula, is the duly appointed United States Trustee for the Central District of Illinois pursuant to 28 U.S.C. § 581(a)(10), and she has standing to bring this complaint seeking to deny the Defendant's discharge in this case. 11 U.S.C. §§ 307 and 727(c)(1). Plaintiff

consents to entry of a final order and judgment by the United States Bankruptcy Court for the Central District of Illinois.

3. Defendant, SHAWN MALONE, is an individual residing at 346 South Small, Kankakee, Illinois 60901, within the Central District of Illinois.

4. The deadline to object to discharge is January 4, 2025. This complaint is timely filed.

## BACKGROUND COMMON TO ALL COUNTS

5. Defendant, pro se, commenced this bankruptcy on September 26, 2024, case number 24-90479, by filing a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code, seeking to discharge $88,766.00 of unsecured debt. [Doc 1, in BR #24-900479 (all document numbers referenced herein will be from this bankruptcy case)].

6. Roger L. Prillaman ("Trustee Prillaman") was appointed chapter 7 trustee, and he conducted the 11 U.S.C. § 341 Meeting of Creditors on November 5, 2024, and continued it to November 19, 2024, where upon it was concluded (the "Meeting of Creditors").

7. Defendant completed his Statement of Financial Affairs (his "SOFA") and signed it under penalty of perjury on September 20, 2024, before filing it with the Bankruptcy Court on September 26, 2024. [Doc 1, pages 10-21].

8. On his SOFA, Defendant denied giving any gifts with a total value of more than $600 to any one person within the two years prior to filing bankruptcy. [Doc 1, page 15, SOFA, q 13].

9. On his SOFA, Defendant denied transferring any property to anyone within the two years prior to filing bankruptcy. [Doc 1, page 17, SOFA, q 18].

10. Defendant transferred his ownership of a 2000 Mercedes-Benz CLK 430 convertible (his "Mercedes") to his son days before filing bankruptcy, and it was registered with the Illinois Secretary of State in his son's name on September 19, 2024, one day before Defendant signed his

bankruptcy documents under penalty of perjury. A new title was issued on his Mercedes to his son on September 27, 2024, just one day after Defendant filed bankruptcy on September 26, 2024.

11. The only automobiles disclosed by Defendant on Schedule A/B were a 2009 BMW X5 and 2015 Cadilla SRX. [Doc. 1, page 25, Schedule A/B, q. 3].

12. During the Meeting of Creditors, Defendant was placed under oath and he affirmed that he understood he was testifying under the penalty of perjury.

13. When asked whether he sold, transferred, or gave anything away in the two years prior to filing bankruptcy, Defendant testified, "No."

14. When asked whether he traded anything like vehicles, removed his name from anything, or otherwise disposed of anything, Defendant testified, "No."

15. After Trustee Prillaman told Defendant that his public records search showed Defendant owned a 2000 Mercedes CLK 430 convertible, Defendant testified as follows: "Yah, I sold that . . . awhile, what. I wouldn't say sold it. Yah, I sold it."

16. Trustee Prillaman inquired when did he sell his Mercedes, and Defendant testified, "Auh. . . it was . . . Well, not really sold, though . . . That's really what it – it was, uh, one of my kid [sic], uh, you know, my son got it. So, really that wasn't sold. It was his."

17. When asked why he transferred his Mercedes to his son, Defendant testified he gave his Mercedes to his 16-year-old son because he needed a car to drive.

18. Defendant's son did not pay Defendant any money for the vehicle, and Defendant still pays for the insurance on it.

19. Defendant testified his Mercedes was worth $3,000 to $4,000, and it had 117,000 miles on it. The Mercedes is a material asset.

20. In answer to SOFA, question 4, Defendant denied having any income from operating

a business. [Doc 1, page 11, SOFA, q 4].

21. In answer to SOFA, question 27, Defendant failed to disclose that he was currently an owner and member of a limited liability company named "S & N Supreme Cleaning Services, LLC." [Doc 1, page 20, SOFA, q 27].

22. On Schedule A/B, in answer to question 19, Defendant stated he had no interest in an LLC. [Doc 1, page 28, Schedule A/B, q 19].

23. On Schedule I, in answer to question 8a, Defendant failed to disclose his monthly income of $1,100 from operating a business. [Doc 1-1, page 18, Schedule I, q 8a].

24. Defendant signed his "Declaration About an Individual Debtor's Schedules" under penalty of perjury, declaring that "I have read the summary and schedules filed with this declaration and that they are true and correct." [Doc 1-1, page 22, Official Form 106Dec].

25. On Official Form 122A-1, in answer to question 5, Defendant failed to disclose his gross receipts, ordinary and necessary operating expenses, and net monthly income of $1,100 from operating his business. [Doc 1-1, page 25, Official Form 122A-1, q 5].

26. During the Meeting of Creditors, when asked if he had been engaged in any business or self-employment in the last six years, Defendant testified, "No." When Trustee Prillaman pointed out that Defendant disclosed on his Statement of Financial Affairs, question 27, that he had been a sole proprietor from January 1, 2022, through December 31, 2023, of a cleaning business, Defendant testified he "used to" work as a janitor.

27. After discussing his employment with Kankakee River Metropolitan Agency ("KRMA") as disclosed on Schedule I, when asked whether he had any other income in his household, Defendant testified, "No."

28. Subsequently, Trustee Prillaman told Defendant that his public records search showed

Defendant was a member and manager of an LLC called "S & N Supreme Cleaning Services, LLC," and he was shown as joint manager with Nick Tucker. Trustee Prillaman asked Defendant to tell him about that business, and Defendant testified, "That was at the job."

29. After several additional questions by Trustee Prillaman, Defendant eventually explained that this LLC was a cleaning company that he set up at the start of the year. It held one contract which was with Defendant's current employer, KRMA. The contract paid $2,800 per month, from which Defendant received $1,100 and Mr. Tucker received $1,100, after expenses.

30. Defendant prepared and signed a false Official Form 122A-1, because he failed to disclose this additional $1,100 monthly income.

31. Upon information and belief, once Defendant's six-month, look-back period wage income is entered correctly (it was understated), the addition of this undisclosed income of $1,100 per month places him above the state median income for a household size of three.

32. Defendant signed his Official Form 122A-1 under penalty of perjury declaring that the information on this statement was true and correct. [Doc 1-1, page 27, Official Form 122A-1].

**COUNT I:  § 727(a)(2)(A) OBJECTION TO DISCHARGE,
DEBTOR'S UNDISCLOSED PRE-PETITION TRANSFER OF HIS
2000 MERCEDES-BENZ CLK 430 CONVERTIBLE**

33. The UST repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

34. Section 727(a) of the Bankruptcy Code provides that the Court shall grant a discharge, unless –

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –

(A) property of the debtor, within one year before the date of the filing of the petition.

11 U.S.C. § 727(a)(2)(A).

35. Defendant transferred his Mercedes to his son within days of filing bankruptcy with the intent to hinder, delay or defraud his creditors, which is grounds for denial of his discharge under 11 U.S.C. § 727(a)(2)(A).

### COUNT II: § 727(a)(4)(A) OBJECTION TO DISCHARGE, FALSE OATH IN SIGNING STATEMENT OF FINANCIAL AFFAIRS REGARDING NO GIFTS

36. The UST repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

37. Section 727(a) of the Bankruptcy Code provides that the Court shall grant a discharge, unless –

(4) the debtor knowingly and fraudulently, in or in connection with the case –

(A) made a false oath or account.

11 U.S.C. § 727(a)(4)(A).

38. Defendant knowingly and fraudulently signed a false Statement of Financial Affairs under penalty of perjury when he denied giving any gifts with a total value of more than $600 to any one person within the two years prior to filing bankruptcy [Doc 1, page 15, SOFA, q 13] when he, in fact, gave his Mercedes to his son just days prior to filing bankruptcy, which is grounds for denial of his discharge under 11 U.S.C. § 727(a)(4)(A).

### COUNT III: § 727(a)(4)(A) OBJECTION TO DISCHARGE, FALSE OATH IN SIGNING STATEMENT OF FINANCIAL AFFAIRS REGARDING NO TRANSFERS

39. The UST repeats and incorporates all of the allegations contained in the preceding

paragraphs of this Complaint as if fully set out herein.

40. Section 727(a) of the Bankruptcy Code provides that the Court shall grant a discharge, unless –

> (4) the debtor knowingly and fraudulently, in or in connection with the case –
>
> (A) made a false oath or account.

11 U.S.C. § 727(a)(4)(A).

41. Defendant knowingly and fraudulently signed a false Statement of Financial Affairs under penalty of perjury when he denied transferring any property to anyone within the two years prior to filing bankruptcy [Doc 1, page 17, SOFA, q 18] when he, in fact, gave his Mercedes to his son just days prior to filing bankruptcy, which is grounds for denial of his discharge under 11 U.S.C. § 727(a)(4)(A).

### COUNT IV:  § 727(a)(4)(A) OBJECTION TO DISCHARGE, FALSE OATH IN TESTIMONY AT THE MEETING OF CREDITORS REGARDING NOT TRANSFERRING OR GIVING AWAY ASSETS

42. The UST repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

43. Section 727(a) of the Bankruptcy Code provides that the Court shall grant a discharge, unless –

> (4) the debtor knowingly and fraudulently, in or in connection with the case –
>
> (A) made a false oath or account.

11 U.S.C. § 727(a)(4)(A).

44. Defendant knowingly and fraudulently testified under oath during the Meeting of Creditors when he testified that he had not transferred or given away anything of value in the two years prior to filing bankruptcy, when he, in fact, gave his Mercedes to his son just days prior to

filing bankruptcy, which is grounds for the denial of his discharge under 11 U.S.C. § 727(a)(4)(A).

**COUNT V: § 727(a)(4)(A) OBJECTION TO DISCHARGE,
FALSE OATH IN TESTIMONY AT THE MEETING OF CREDITORS REGARDING
NOT REMOVING HIS NAME FROM ANYTHING OF VALUE IN THE TWO YEARS
PRIOR TO FILING BANKRUPTCY**

45. The UST repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

46. Section 727(a) of the Bankruptcy Code provides that the Court shall grant a discharge, unless –

(4) the debtor knowingly and fraudulently, in or in connection with the case –

(A) made a false oath or account.

11 U.S.C. § 727(a)(4)(A).

47. Defendant knowingly and fraudulently testified under oath during the Meeting of Creditors when he testified that he had not traded anything like vehicles, removed his name from anything, or otherwise disposed of anything in the two years prior to filing bankruptcy, when he, in fact, removed his name from the title of his Mercedes days prior to filing, which is grounds for denial of his discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

**COUNT VI: § 727(a)(4)(A) OBJECTION TO DISCHARGE,
FALSE OATH IN SIGNING STATEMENT OF FINANCIAL AFFAIRS
DENYING ANY BUSINESS INCOME**

48. The UST repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

49. Section 727(a) of the Bankruptcy Code provides that the Court shall grant a discharge, unless –

(4) the debtor knowingly and fraudulently, in or in connection with the case –

(A) made a false oath or account.

11 U.S.C. § 727(a)(4)(A).

50. Defendant knowingly and fraudulently signed a false Statement of Financial Affairs under penalty of perjury when he denied having any income from operating a business [Doc 1, page 11, SOFA, q 4], which is grounds for the denial of his discharge under 11 U.S.C. § 727(a)(4)(A).

**COUNT VII: § 727(a)(4)(A) OBJECTION TO DISCHARGE
FALSE OATH IN SIGNING STATEMENT OF FINANCIAL AFFAIRS
REGARDING FAILURE TO DISCLOSE OWNERSHIP OF LLC**

51. The UST repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

52. Section 727(a) of the Bankruptcy Code provides that the Court shall grant a discharge, unless –

> (4) the debtor knowingly and fraudulently, in or in connection with the case –
>
> (A) made a false oath or account.

11 U.S.C. § 727(a)(4)(A).

53. Defendant knowingly and fraudulently signed a false Statement of Financial Affairs under penalty of perjury when he failed to disclose that he was currently an owner member of a limited liability company named "S & N Supreme Cleaning Services, LLC" [Doc 1, page 20, SOFA, q 27], which is grounds for the denial of his discharge under 11 U.S.C. § 727(a)(4)(A).

**COUNT VIII: § 727(a)(4)(A) OBJECTION TO DISCHARGE,
FALSE OATH IN SIGNING DECLARATION REGARDING SCHEDULE A/B**

54. The UST repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

55. Section 727(a) of the Bankruptcy Code provides that the Court shall grant a discharge, unless –

 (4) the debtor knowingly and fraudulently, in or in connection with the case –

  (A) made a false oath or account.

11 U.S.C. § 727(a)(4)(A).

56. Defendant knowingly and fraudulently signed a false Declaration under penalty of perjury attesting his schedules were true and correct when he failed to disclose on Schedule A/B, in answer to question 19, his ownership interest in an LLC [Doc 1, page 28, Schedule A/B, q 19], which is grounds for the denial of his discharge under 11 U.S.C. § 727(a)(4)(A).

**COUNT IX:  § 727(a)(4)(A) OBJECTION TO DISCHARGE,
FALSE OATH IN SIGNING DECLARATION REGARDING SCHEDULE I**

57. The UST repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

58. Section 727(a) of the Bankruptcy Code provides that the Court shall grant a discharge, unless –

 (4) the debtor knowingly and fraudulently, in or in connection with the case –

  (A) made a false oath or account.

11 U.S.C. § 727(a)(4)(A).

59. Defendant knowingly and fraudulently signed a false Declaration under penalty of perjury attesting his schedules were true and correct when he failed to disclose on Schedule I his additional $1,100 monthly income on line 8a from the operation of his undisclosed LLC, which is grounds for the denial of his discharge under 11 U.S.C. § 727(a)(4)(A).

**COUNT X:  § 727(a)(4)(A) OBJECTION TO DISCHARGE,
FALSE OATH IN SIGNING DECLARATION ON OFFICIAL FORM 122A-1
REGARDING FAILURE TO DISCLOSE ADDITIONAL INCOME**

60. The UST repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

61. Section 727(a) of the Bankruptcy Code provides that the Court shall grant a discharge, unless –

(4) the debtor knowingly and fraudulently, in or in connection with the case –

(A) made a false oath or account.

11 U.S.C. § 727(a)(4)(A).

62. Defendant knowingly and fraudulently signed a false declaration under penalty of perjury attesting the information on his Form 122A-1 was true and correct when he failed to disclose his gross receipts, ordinary and necessary operating expenses, and net monthly income of $1,100 from operating his business [Doc 1-1, page 25, Forma 122A-1, q 5], which is grounds for the denial of his discharge under 11 U.S.C. § 727(a)(4)(A).

### COUNT XI:  § 727(A)(4)(A) OBJECTION TO DISCHARGE, FALSE OATH IN TESTIMONY AT THE MEETING OF CREDITORS DENYING ANY OTHER SOURCE OF INCOME

63. The UST repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

64. Section 727(a) of the Bankruptcy Code provides that the Court shall grant a discharge, unless –

(4) the debtor knowingly and fraudulently, in or in connection with the case –

(A) made a false oath or account.

11 U.S.C. § 727(a)(4)(A).

65. Defendant knowingly and fraudulently testified under oath during the Meeting of Creditors when he denied having any other source of income other than his wages from his employment, which is grounds for the denial of his discharge under 11 U.S.C. § 727(a)(4)(A).

**REQUEST FOR RELIEF**

  **WHEREFORE,** the UST prays the Court:

  A. Enter a judgment declaring that the discharge of the Defendant/Debtor from his debts is denied under 11 U.S.C. § 727; and

  B. Enter such other and further relief as is just.

                Respectfully submitted,

                NANCY J. GARGULA,
                United States Trustee

Dated:  December 2, 2024.      */s/ Sabrina M. Petesch*

                Sabrina M. Petesch,
                Attorney for U.S. Trustee

United States Department of Justice
Office of the United States Trustee
401 Main Street, Suite 1100
Peoria, Illinois  61602
Direct Line:  (309) 671-7181
E-mail: Sabrina.M.Petesch@usdoj.gov